IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAZ L. JOHNSON, # K-02792, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 16-cv-326-NJR |
| | ) |
| M. MEULLER, | ) |
| VENERIO SANTOS, | ) |
| and LISA CRIBS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate currently incarcerated at Lincoln Correctional Center ("Lincoln"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Centralia Correctional Center ("Centralia"). Plaintiff claims that Defendants were deliberately indifferent to his serious medical condition. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that one of Plaintiff's claims survives threshold review under § 1915A.

**The Complaint**

On September 20, 2015, Plaintiff was working in the Centralia kitchen cooking oatmeal. While he was draining the oatmeal, the master kettle ring popped off, and Plaintiff sustained severe burns from the hot food on his forearms, fingers, and face (Doc. 1, p. 6). He requested medical treatment and was sent to the health care unit, where he was given pain pills and scheduled to see the doctor later in the morning.

When Plaintiff was examined by Defendant Dr. Santos, the doctor said that the injury

was "equivalent to a first degree sunburn." *Id*. Defendant Santos gave Plaintiff no treatment at all for the painful burns.

Three days later, on September 23, 2015, Plaintiff was transferred to Lincoln. He sought medical care for the burns, which by that time had blistered and were discolored. The blisters also had become infected. Lincoln health care providers gave Plaintiff a tetanus shot, antibiotics, and cleaned and wrapped the wounds on a daily basis. Plaintiff experienced pain, numbness, and a tingling sensation in his fingers due to the burn injuries.

Plaintiff now seeks money damages from Defendant Santos, as well as from Defendants Meuller (warden) and Cribs (health care administrator) (Doc. 1, p. 5).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendant Santos, for failing to provide any medical treatment for Plaintiff's severe burns;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Defendants Meuller and Cribs, in connection with Defendant Santos' failure to provide Plaintiff with medical treatment for his severe burns.

Count 1 shall proceed for further review. Count 2, however, shall be dismissed for failure to state a claim upon which relief may be granted.

**Count 1 – Deliberate Indifference – Defendant Santos**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff's burn injury appeared to be serious enough to require medical attention. The complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether the various Defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

According to Plaintiff, Defendant Santos compared his injury to a mild sunburn and did nothing at all to treat him. Plaintiff's condition soon became worse and required treatment for some period of time to relieve the pain and infection. At this early stage of the case, it is not clear whether Defendant Santos *knowingly* failed to treat Plaintiff's serious burn or whether his failure

to render treatment was due to mere negligence or malpractice. Further factual development is appropriate to determine whether Plaintiff's constitutional claim may be sustained. Therefore, **Count 1** against Defendant Santos shall proceed for further consideration.

**Dismissal of Count 2 – Defendants Meuller and Cribs**

While Plaintiff included Defendants Meuller and Cribs as parties to the action, he failed to mention them at all in his statement of claim. Plaintiff's recitation of the facts does not suggest that either of these Defendants was involved in treating or failing to treat Plaintiff's injury, or that they were personally involved in any way in responding to Plaintiff's attempt to receive medical care.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights. Further, the doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, Defendant Meuller's position as warden, and Defendant Cribs's role as health care administrator, do not confer any liability on them for the alleged misdeeds of Defendant Santos.

**Count 2** against Defendants Meuller and Cribs shall therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

**Disposition**

COUNT 2 is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **MEULLER** and **CRIBS** are **DISMISSED** from this action without prejudice.

With reference to **COUNT 1**, the Clerk of Court shall prepare for Defendant **SANTOS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 1, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**