UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHAZ L. JOHNSON,

    Plaintiff,

v.

M. MEULLER, VENERIO M. SANTOS and
LISA CRIBS,

    Defendants.

Case No. 16-cv-326-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 44) of Magistrate Judge Donald G. Wilkerson recommending that the Court grant defendant Venerio M. Santos's motion for summary judgment (Doc. 35). Plaintiff Chaz L. Johnson has objected to the Report (Doc. 45).

**I.    Report Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.    The Report**

The Report recounts the following. Johnson was burned cooking oatmeal while working in the kitchen at Centralia Correctional Center just after midnight on the morning of September 21, 2015. Almost immediately, he saw a nurse who observed redness but no swelling or blisters and

who treated the wound as a superficial burn. She gave Johnson a three-day supply of ibuprofen for pain, instructed him on burn care, and referred him to a doctor later that morning.

Johnson saw Dr. Santos, the defendant in this case, around 11:00 a.m. Dr. Santos saw no blisters, diagnosed Johnson with first degree burns, and declined to provide any more medication than the ibuprofen he knew Johnson has already been given. Dr. Santos did not schedule a follow-up appointment. Johnson submitted sick call slips later in the day because of pain, but received no response. He also submitted a grievance on the issue.

Two days later, as had been previously scheduled, Johnson was transferred to the Lincoln Correctional Center. Upon his arrival, medical staff noted at the burn sites open blisters that had become infected. They treated his wounds with antibiotic ointment and dressed them, and they gave him a tetanus shot. He was diagnosed with second degree burns.

Johnson sued Dr. Santos for deliberate indifference to his medical needs because he did not provide more treatment during his visit and did not schedule a follow-up visit.

Magistrate Judge Wilkerson concluded in the Report that there was no evidence from which a reasonable jury could conclude that Dr. Santos was deliberately indifferent to Johnson's medical needs. He notes that, like the nurse earlier in the morning, Dr. Santos saw no blistering or signs of infection when he examined Johnson. His diagnosis of first degree burns in those circumstances, even if incorrect, was not so far out of the medical norm as to suggest deliberate indifference. Additionally, Dr. Santos knew Johnson had already been given a three-day supply of ibuprofen for pain, so the failure to give additional pain medication did not show deliberate indifference, and no evidence suggests Dr. Santos knew about Johnson's sick call requests based on pain submitted later in the day. Finally, Magistrate Judge Wilkerson finds that, although Dr.

2

Santos might have failed to appreciate that Johnson's burns could worsen, no evidence suggests he actually perceived that risk, as opposed to simply perceiving relatively minor, first degree burns. Magistrate Judge Wilkerson also concludes that no evidence shows Dr. Santos knew Johnson was about to be transferred to a different institution such that there was a need for a medical hold to postpone the transfer.

## III. Objections

In his objection, Johnson faults Magistrate Judge Wilkerson for incorrectly stating in the Report that Johnson did not tell Dr. Santos he wanted to see him again. Report at 2 (Doc. 44). Johnson asserts that he told Dr. Santos during his meeting that he wanted more treatment (more pills, a wrap, cream or anything else to alleviate the pain) and wanted to see him again. However, even if Johnson asked for more treatment and a follow-up visit, it was Dr. Santos's judgment that neither was necessary for what he believed were minor, first-degree burns. That judgment was not so far afield of accepted professional standards for treatment of minor, first-degree burns that a jury could reasonably infer it was not based on the exercise of medical judgment and was instead deliberate indifference. *Duckworth v. Ahmed*, 532 F.3d 675, 679 (7th Cir. 2008).

Johnson also takes issue with Magistrate Judge Wilkerson's statement that no evidence suggests Dr. Santos was aware that Johnson was to be transferred shortly to another institution. Report at 6 (Doc. 44). Johnson points to the notes in his medical file showing that on September 19, 2015, two days before Dr. Santos saw him, he was medically cleared for a transfer to another institution. He argues that it is reasonable to infer that Dr. Santos saw that note in his file when he reviewed that file on September 21, 2015, and knew Johnson was to be transferred shortly thereafter. Johnson claims Dr. Santos should have reversed the medical clearance and put a hold

on his transfer in light of his burns. Again, however, even if Dr. Santos knew of the imminent transfer, there is no evidence from which a reasonable jury could infer that Dr. Santos was deliberately indifferent because he thought it was acceptable for Johnson to transfer institutions with minor burns. To the extent the travel was actually not advisable, there is no evidence Dr. Santos's failure to stop it was anything more than negligence, which is not actionable under the Eighth Amendment.

## IV. Conclusion

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 44);
- **OVERRULES** Johnson's objections (Doc. 45);
- **GRANTS** Dr. Santos's motion for summary judgment (Doc. 35); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 15, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**